IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TWENTY-FIRST CENTURY TECHNOLOGIES, INC. §§§§ Plaintiff | | |
| v. § | CIVIL ACTION NO. 1:15-cv-01079 | |
| BEST DEAL COMPUTER SERVICE, INC. §§§§ Defendant. | | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

Plaintiff Twenty-First Century Technologies, Inc. ("TFC") files this Original Complaint against Best Deal Computer Service, Inc. (hereinafter, "Defendant") for infringement of U.S. Patents Nos. 7,284,872 (the "'872 Patent") and 8,540,384 (the "'384 Patent").

**THE PARTIES**

1. Plaintiff TFC is a Delaware corporation with its headquarters and principal place of business at 2809 Vallarta Lane, Austin, Texas 78733.

2. Defendant Best Deal Computer Service, Inc., is a California corporation with its principal place of business located at 1064 Broadway, Chula Vista, CA 91911.

3. Defendant has distributed and continues to distribute the infringing keyboard, marketed and known as the Flexible Keyboard that is pictured below.



4. Defendant may be served through its registered agent, Myly T. Dang, at 1064 Broadway, Chula Vista, CA 91911.

5. Defendant alternatively may be served pursuant to Fed. R. Civ. P. 4(e)(1) and Tex. Civ. Prac. & Rem. Code §17.026 through the Texas Secretary of State, by certified or regular mail to Service of Process, Secretary of State, P.O. Box 12079, Austin, Texas, 78711-2079 or by delivery or overnight mail to Service of Process, Secretary of State, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701.

## JURISDICTION AND VENUE

6. TFC brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). Defendant does business in this judicial district, has committed acts of infringement in this judicial district, and/or has purposely transacted business in this judicial district involving the accused products.

8. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long-Arm Statute, due at least to its substantial business in this State and in this judicial district, and including: (A) committing a tort in the State of Texas by selling and offering to sell, as well as delivering infringing products in the State of Texas and in this judicial district; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents.

**COUNT I**
**(INFRINGEMENT OF U.S. PATENT NO. 7,284,872)**

9. TFC incorporates by reference paragraphs 1 through 8 as if set forth here.

10. TFC is the owner, by assignment, of U.S. Patent No. 7,284,872 (the "'872 Patent") titled "LOW POWER, LOW COST ILLUMINATED KEYBOARDS AND KEYPADS."

11. A true and correct copy of the '872 Patent is attached as Exhibit A.

12. As the owner of the '872 Patent, TFC holds all substantial rights in and under the '872 Patent, including the right to grant sublicenses, exclude others, and to enforce, sue, and recover damages for past and future infringement.

13. The United States Patent Office issued the '872 Patent on October 23, 2007.

14. The '872 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

15. Defendant has practiced and is practicing one or more claims of the '872 Patent, including at least claims 1, 3, 4, 5, 6, and 7 by making, using, offering for sale, selling and/or importing keyboards or keypads with electroluminescent backlighting as claimed in the '872 Patent.

16. Defendant has no consent or authorization to practice the '872 Patent.

17. Defendant has in the past and continues to make, use, sell, offer to sell, and/or import the Flexible Keyboard.

18. The Flexible Keyboard has illuminated keys.

19. The Flexible Keyboard has keys of an optically transmissive material.

20. The Flexible Keyboard has one or more flexible luminescent sheets underlying the keys to provide an intensity of illumination to said keys visual to a user of the apparatus.

21. The Flexible Keyboard has an optically transmissive top plate with a surface and an area through which said keys extend.

22. Defendant infringes at least method claims 1 and 10 by offering to sell, selling, importing, or using within the United States and in this judicial district the Flexible Keyboard made by the process claimed in the '872 Patent.

23. TFC has been damaged as a result of Defendant's infringing conduct.

24. Defendant is liable to TFC in an amount that adequately compensates it for Defendant's infringement, which compensation is no less than a reasonable royalty together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II
## (INFRINGEMENT OF U.S. PATENT NO. 8,540,384)

25. TFC incorporates paragraphs 1 through 24 herein by reference.

26. TFC is the owner, by assignment, of U.S. Patent No. 8,540,384 (the "'384 Patent") titled "LOW POWER LOW COST ILLUMINATED KEYBOARDS AND KEYPADS."

27. A true and correct copy of the '384 Patent is attached as Exhibit B.

28. As the owner of the '384 Patent, TFC holds all substantial rights in and under the '384 Patent, including the right to grant sublicenses, exclude others, and to enforce, sue, and recover damages for past and future infringement.

29. The United States Patent Office issued the '384 Patent on September 24, 2013.

30. The '384 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

31. Defendant is practicing one or more claims of the '384 Patent, including at least claims 1, 5, 6, and 7 by making, using, offering for sale, selling and/or importing keyboards or

keypads with electroluminescent backlighting as described and claimed in the '384 Patent.

32. Defendant has in the past and continues to make, use, sell, offer to sell, and/or import the Flexible Keyboard.

33. The Flexible Keyboard has illuminated key components.

34. Defendant has no consent or authorization to practice the '384 Patent.

35. The Flexible Keyboard has key components comprising an optically transmissive material.

36. The Flexible Keyboard has a luminescent sheet underlying illuminated key components to provide illumination visible to the user.

37. The Flexible Keyboard has keys with key caps tinted with one or more colors.

38. The Flexible Keyboard has key caps with optically transmissive portions that define a symbol or function of the key made visible to the user by emission of light through the optically tranmissive portion of the key cap.

39. The Flexible Keyboard includes keys having optically transmissive portions that denote special functions such as ESC or PRNT SCRN.

40. The keyboard top plate of the Flexible Keyboard diffuses light evenly with around the area through which the key cap extends.

41. TFC has been damaged as a result of Defendant's infringing conduct.  Defendant is thus liable to TFC in an amount that adequately compensates it for Defendant's infringement, which compensation can be no less than a reasonable royalty together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## MARKING

42. TFC and its predecessors in interest have complied with the notice requirements of 35 U.S.C. § 287 by requiring licensees that make, sell, offer for sale, or distribute products under license to the claims asserted herein to mark such products with the appropriate patent number(s).

## NOTICE OF REQUIREMENT OF LITIGATION HOLD

43. Defendant is hereby notified it is legally obligated to locate, preserve, and maintain all records, notes, drawings, documents, data, communications, materials, electronic recordings, audio/video/photographic recordings, and digital files, including edited and unedited or "raw" source material, and other information and tangible things that Defendant knows, or reasonably should know, may be relevant to actual or potential claims, counterclaims, defenses, and/or damages by any party or potential party in this lawsuit, whether created or residing in hard copy form or in the form of electronically stored information (hereafter collectively referred to as "Potential Evidence").

44. As used above, the phrase "electronically stored information" includes without limitation: computer files (and file fragments), e-mail (both sent and received, whether internally or externally), information concerning e-mail (including but not limited to logs of e-mail history and usage, header information, and deleted but recoverable e-mails), text files (including drafts, revisions, and active or deleted word processing documents), instant messages, audio recordings and files, video footage and files, audio files, photographic footage and files, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files, and all other information created, received, or maintained on any and all electronic and/or digital forms, sources and media, including, without limitation, any and all hard disks, removable media, peripheral computer or electronic storage devices, laptop computers, mobile phones, personal

data assistant devices, Blackberry devices, iPhones, video cameras and still cameras, and any and all other locations where electronic data is stored. These sources may also include any personal electronic, digital, and storage devices of any and all of Defendant's agents, resellers, or employees if Defendant's electronically stored information resides there.

45. Defendant is hereby further notified and forewarned that any alteration, destruction, negligent loss, or unavailability, by act or omission, of any Potential Evidence may result in damages or a legal presumption by the Court and/or jury that the Potential Evidence is not favorable to Defendant's claims and/or defenses. To avoid such a result, Defendant's preservation duties include, but are not limited to, the requirement that Defendant immediately notifies its agents and employees to halt and/or supervise the auto-delete functions of Defendant's electronic systems and refrain from deleting Potential Evidence, either manually or through a policy of periodic deletion.

## JURY DEMAND

46. TFC demands a trial by jury on all claims, issues and damages so triable.

## PRAYER FOR RELIEF

TFC prays for the following relief:

a. That Defendant be summoned to appear and answer;

b. That the Court enter judgment against Defendant and in favor of TFC on all counts declaring that Defendant has infringed the '872 and '384 Patents;

c. That this is an exceptional case under 35 U.S.C. §285;

d. That the Court award to Plaintiff damages pursuant to 35 U.S.C. 284 including, if necessary, an accounting of all damages; pre and post-judgment interest as allowed by law; and reasonable attorney's fees, costs, and expenses incurred in this action; and

e. That TFC be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated:  November 30, 2015		Respectfully submitted,

**TAYLOR DUNHAM AND RODRIGUEZ LLP**
301 Congress Ave., Suite 1050
Austin, Texas  78701
512.473.2257 Telephone
512.478.4409 Facsimile

By: _____
David E. Dunham
State Bar No. 06227700
Email:  ddunham@taylordunham.com
Cabrach J. Connor
State Bar No. 24036390
Email:  cconnor@taylordunham.com
Jennifer Tatum Lee
Texas Bar No. 24046950
Email:  jtatum@taylordunham.com